UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WILLIAM BIRCH GUDGER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:13-CR-75 |
| | ) | 2:14-CV-347 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

William Birch Gudger, petitioner, a federal prisoner, has filed a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody," [Doc. 53].[1] The government has responded in opposition, [Doc. 55], petitioner has replied, [Docs. 60, 61],[2] and the matter is ripe for disposition. Also pending before the Court is Gudger's request for a final disposition of his § 2255 motion, [Doc. 67]. The motion for final disposition is GRANTED. The Court has determined that the files and records in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing or the appointment of counsel is necessary. For the reasons which follow, petitioner's § 2255 motion lacks merit, the motion will be DENIED, and the § 2255 case DISMISSED WITH PREJUDICE.

**I.     Factual and Procedural Background**

Petitioner and Misty Lee Millar were indicted by a federal grand jury on August 13, 2013, [Doc. 3]. Petitioner and Millar were charged in Count 1 with conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§

---

[1]  All docket numbers refer to the docket sheet in No. 2:13-CR-75.
[2]  Document 61 appears to be identical to document 60. The only difference is that document 61 was filed six weeks after document 60.

1

846 and 841; in Count 2 with aiding and abetting each other in the possession of 28 grams or more of cocaine base ("crack") with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and in Count 5 with use of a communication facility in connection with the conspiracy charged in Count 1 in violation of 21 U.S.C. § 843(b). Gudger was charged in Count 4 with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and in Count 6 with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). [*Id*.]. On August 29, 2013, the United States filed an information pursuant to 21 U.S.C. § 851(a)(1) giving notice of its intention to seek increased punishment by reason of a conviction on January 14, 2000, in the Criminal Court for Greene County, Tennessee in case No. 99-CR-139B for the offense of facilitation of the sale of one-half gram or more of a Scheduled II controlled substance (cocaine), [Doc.l6].

On October 1, 2013, Gudger signed a Rule 11(c)(1)(C) plea agreement, [Doc. 22], agreeing to plead guilty to the lesser included offense charged in Count 1, *i.e*,, conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base. In the agreement, petitioner admitted to acquiring a significant amount of powder and crack cocaine over a period of five or six years. [*Id*. at ¶ 4(g)]. He cooked the powder cocaine into crack at his residence at 145 Midway Railroad Street, Greeneville, Tennessee. [*Id*.]. Petitioner also admitted the prior conviction referenced in the government's § 851 notice [*Id*. at ¶ 4(l)]. The plea agreement stated that petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255" with the sole exception of "claims of ineffective assistance of counsel or prosecutorial misconduct . . ." [*Id*. at 11]. Gudger's guilty plea was accepted and his plea agreement taken under advisement on October 22, 2013, [Doc. 26]. On March 24, 2014, Gudger's plea agreement was accepted by the Court and he was sentenced to the

agreed upon 125 months of imprisonment,[3] [Doc. 149]. Judgment was entered on March 28, 2014, [Doc. 50], and no appeal of the Court's judgment was taken to the Sixth Circuit Court of Appeals. The instant § 2255 motion was timely filed on November 20, 2014.

## II.    Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255.    Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief.  If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo,* 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).  "Conclusions, not substantiated by allegations of fact with some probability of verity,  are not sufficient to warrant a hearing."  *O'Malley*, 285 F.2d at 735 (citations omitted).  A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case);

---

[3]    Petitioner's advisory guideline range was 185-235 months of imprisonment.  [PSR, ¶ 81; Addendum to PSR, Doc. 47].

*Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying Brecht to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

**III.     Analysis**

In his § 2255 motion, petitioner raises three grounds for relief: (1) petitioner was not subject to an enhanced sentence because his conviction for facilitation of the sale of cocaine is not a qualifying prior drug conviction; (2) the Court engaged in unconstitutional judicial factfinding; and (3) 21 U.S.C. § 841(a) is unconstitutional because it does not have a penalty provision. The United States argues in response that Gudger's claims are barred by the waiver of his right to file a § 2255 motion in the plea agreement, have been procedurally defaulted, and are also meritless. The Court agrees with the government on all counts.

**A.     Waiver**

As noted above, Gudger waived his right to file a § 2255 motion, except that he retained the right to file such a motion as to "claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment." [Doc. 22 at ¶ 11(b)]. Petitioner does not allege any ineffective assistance of counsel in his § 2255 motion. He

attempts to avoid the bar of the waiver, however, by arguing that "he has not waived a right to challenge the fact that an error of constitutional magnitude has occurred and that a complete miscarriage of justice or an egregious error violative of due process stands." [Doc. 60 at 1-2]. Errors resulting in a miscarriage of justice, as described by law, are, according to Gudger, beyond the scope of the waiver provision.

Petitioner is incorrect. As the Sixth Circuit recently stated: "[A] defendant's waiver of his right to challenge his conviction and sentence under § 2255 is enforceable when it is entered into 'knowingly, intelligently, and voluntarily.'" *In re Garner*, 654 F. Appx. 441 (6th Cir. 2016) (citing *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001*); In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007)). This is true even if a later favorable change in the law has occurred. "[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in the law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *Id*. (quoting *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)) and citing *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005).

Here, there is little doubt that petitioner knowingly and voluntarily entered into this waiver provision in his plea agreement. Although no transcript of the Court's change of plea hearing is in the record, this Court recalls that it verified, in testimony under oath by petitioner, that he had read the plea agreement, had discussed it with counsel and understood all its provisions, had specifically read paragraph 11, containing the waiver provision, and had fully discussed the waiver provision with his attorney. The claims raised by petitioner in this motion do not fall within the limited category of claims where he retained a right to file a § 2255 motion and his claims are barred by the waiver provision.

    **B.**    **Procedural Default**

A petitioner must raise his claims on direct appeal, "[o]therwise, the claim is procedurally defaulted" for purposes of § 2255 review. *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in [a § 2255 motion] only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley*, 523 U.S. at 622 (quotation marks omitted).

Petitioner claims that he is "actually innocent of the Tittle [sic] 21 U.S.C. § 841(a)(1) drug offense—where the statutory offense is unconstitutional—it fails to provide a penalty provision for the generic or counterfeit substance under Title 21 U.S.C. § 841(b)." [Doc. 60 at 3]. Thus, Gudger relies on a claim of actual innocence to excuse his default. But "claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536 (2006) (quoting *Schlup*, 513 U.S. at 327). Petitioner here has not pointed to any "new" evidence which makes "it more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Petitioner, therefore, cannot excuse his procedural default on the basis of actual innocence.

There is also a second reason why petitioner cannot excuse his procedural default on this basis. As set forth above, the basis for his claim of actual innocence is the purported unconstitutionality of 21 U.S.C. § 841(a), because, according to Gudger, it does not contain a penalty provision. As noted below, however, Gudger is simply incorrect and the underpinning of his actual innocence claim fails. Even if a claim of actual innocence to excuse procedural default were available on this basis, it would fail here because Gudger is factually incorrect.

### C. Merits of the Claims

Although not required to do so, the Court will briefly consider each of the waived and procedurally defaulted claims on its merits.

#### (1) Constitutionality of § 841(a).

As just noted, Gudger claims that § 841(a)(1) does not contain a penalty provision, "[l]eaving only a prohibited act without a penalty," [Doc. 53 at 7], resulting in the statute's unconstitutionality. Contrary to his assertion, penalty provisions for § 841 are found in subsection (b) of the statute. More specifically, the relevant penalty provision in Gudger's case was § 841(b)(1)(B)(iii). Under that penalty provision, an individual who conspires to distribute or possess with intent to distribute at least 28 grams of crack cocaine "after a previous conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(B)(iii). Gudger is simply mistaken as to his allegation that § 841 does not have a penalty provision.

In any event, § 841 has been found to be constitutional and it makes no difference whether a single section of the statute covers both elements and penalties or whether these are divided into multiple subsections. *See United States v. Brough*, 243 F.3d 1078, 1079 (7th Cir. 2001) (finding that 21 U.S.C. § 841 is constitutional and expressly noting that "[i]t makes no constitutional difference whether a single subsection covers both elements and penalties, whether these are divided across multiple subsections (as § 841 does), or even whether they are scattered across multiple statutes"); *see also United States v. Outen*, 286 F.3d 622, 636 (2d Cir. 2002) (citing *Brough*).

#### (2) Judicial Factfinding

Petitioner apparently challenges the "court's judicially-conducted fact-finding" as unconstitutional because the Court increased his base offense level. He references, and has attached to his motion as attachment # 3, a supplement to the sentencing memorandum filed by the United States at the direction of the Court addressing the propriety of various enhancements reflected in the PSR: A stash-house adjustment pursuant to USSG § 2D1.1(b)(12), an obstruction of justice enhancement pursuant to USSG § 2D1.1(b)(14)(D), and a leadership adjustment pursuant to USSG § 3B1.1(c). [PSR, ¶¶ 28, 29, 31]. He does not further develop his argument.

Petitioner apparently claims that any judicial factfinding which has the effect of increasing his advisory guidelines range is unconstitutional and a violation of the Sixth Amendment. His argument, however, has long since been rejected by the Sixth Circuit. See *United States v. Gardiner*, 463 F.3d 445, 461 (6th Cir. 2006) ("[A] district court may make its own factual findings regarding relevant sentencing factors, and consider those factors in determining a defendant's sentence."); *United States v. Stone*, 442 F.3d 651, 654-55 (6th Cir. 2005), *cert. denied*, --- U.S. ---, 127 S. Ct. 129 (2006) ("*Booker* did not eliminate judicial fact-finding."). *See also*, *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006) ("district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence-standard that governed prior to *Booker*."). Gudger's argument concerning judicial factfinding is without merit.

(**3**)    **Enhanced Sentence**

As set forth above, 21 U.S.C. § 841(b)(1)(B)(iii) provides for a mandatory minimum sentence of ten years up to life for a defendant who is convicted of conspiring to distribute or possess with intent to distribute 28 grams or more of crack cocaine "after a prior felony conviction for a felony drug offense has become final." The term "felony drug offense"

means "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Absent the prior felony drug conviction, a violation of 21 U.S.C. § 841(a)(1) involving 28 grams or more of crack cocaine would result in a term of imprisonment of not less than five years nor more than 40 years. 21 U.S.C. § 841(b)(1)(B)(iii).

Before a person convicted of such an offense may be subject to the increased penalty provision of § 841(b)(1)(B)(iii), the United States attorney must "file[ ] an information with the court (and serve[ ] a copy of such information on the person or counsel for the person (stating in writing the previous convictions to be relied upon)." 21 U.S.C. § 851(a)(1). That is precisely what the government did here. [Doc. 16]. "If the person denies any allegation of the information of prior convictions, or claims that any conviction alleged is invalid, he shall file a written response to the information." 21 U.S.C. § 851(c)(1). Petitioner not only did not deny the conviction, he admitted it in his plea agreement. [Doc. 22 at ¶ 4(l)]. In the PSR, the probation officer noted the prior conviction for "facilitation of the sale of 0.5 grams or more of Schedule II cocaine" in the Greene County Criminal Court on January 14, 2000, in case number 99CR139B, PSR at ¶ 33], and the statutory term of imprisonment of ten years to life. [*Id*. at ¶80].Petitioner did not object to the PSR in this regard and the Court adopted the probation officer's calculation. [*See* generally, Doc. 147].

Petitioner does not now deny his prior facilitation conviction; he does, however, assert that the conviction is not a prior felony drug conviction such that his sentence could be enhanced under § 841(b)(1)(B)(iii). He relies on the United States Supreme Court decision in *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2276 (2013), [Doc. 53 at 4], and cites *United*

9

*States v. Woodruff*, 735 F.3d 445 (6th Cir. 2013) as support for his argument, [Doc. 60 at 6]. In *Descamps*, the Supreme Court held that the modified categorical approach applies only to divisible statutes, *i.e.*, statutes that set out one or more elements of the offense in the alternative. [*Id*. at 2281]. The Supreme Court explicitly said it was not announcing a new rule, but was simply reaffirming the approach set out in *Taylor v. United States*, --- U.S. ---, 110 S. Ct. 2143 (1990) and *Shepard v. United States*, --- U.S. ---, 125 S. Ct. 1254 (2005). *Id*. at 2286.

Petitioner's reliance on *Descamps* is misplaced. First, *Descamps* dealt, as the government argues, with a different statute, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *Id*. at 2284. Second, *Descamps* is not retroactively applicable to cases on collateral review, since *Descamps* did not announce a new rule of constitutional law, *see United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014), and the Supreme Court has not made *Descamps* retroactive to cases on collateral review. *See Tyler v. Cane*, 553 U.S. 656, 663 (2001) (holding that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."); *see also Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) (holding that "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review"). The Court further notes that petitioner's § 2255 motion seeking relief under *Descamps* is dated November 16, 2014, more than a year after the Supreme Court filed the *Descamps* opinion on June 30, 2013. Thus, even if *Descamps* did apply to petitioner, his § 2255 motion would be untimely under 18 U.S.C. § 2255(f).

Gudger likewise finds no support in *Woodruff*, where the Sixth Circuit held that facilitation of the sale of drugs under Tennessee law is not a controlled substance offense for purposes of USSG § 2K2.1(a)(2)(2010). *Woodruff,* 735 F3d at 450. Under the guideline, a higher base offense level applies when a defendant has been convicted of being a felon in

possession of a firearm and has been previously convicted of two felonies of either a crime of violence or a controlled-substance offense. A "controlled-substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one-year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled-substance . . . within intent to manufacture, import, export, distribute, or dispense." *Id*. at 448-49 (quoting USSG § 4B1.2(b)). A controlled-substance offense includes aiding and abetting, conspiracy and attempt. *Id*. at § 4B1.2 cmt, n, 1, The offense of facilitation under Tennessee law occurs when a person "knowing that another intends to [sell a controlled-substance], but without the intent required for criminal responsibility … knowingly furnishes substantial assistance in the commission of the [sale]." Tenn. Code Ann. § 39-11-403(a). The Sixth Circuit held that "[f]acilitation is not a controlled substance offense because the elements required to prove facilitation are not substantially equivalent to the elements of aiding and abetting, conspiracy, and attempt." 735 F.3d at 450. "Unlike those offenses, facilitation does not require the defendant to form an 'intent to promote or assist in, or benefit from, the felony's commission.'" *Id.*

In 2014, however, the Sixth Circuit Court of Appeals considered whether facilitation of aggravated robbery was a violent felony under the ACCA. *See United States v. Farrow*, 574 F. Appx. 723 (6th Cir. 2014). The court held, consistent with its prior holding in *United States v. Gloss*, 661 F.3d 317 (6th Cir. 2011), that facilitation of aggravated robbery is a violent felony under the ACCA "because the requirements necessary to qualify a Tennessee facilitation of sale-of-cocaine offense as a controlled substance under USSG § 4B1.2 are different from the requirements necessary to qualify a Tennessee facilitation of-aggravated-robbery offense as a violent felony under the 'use of felony' clause of the ACCA." Unlike a controlled substance

11

offense under § 4B1.2, the ACCA violent felony 'use of force' includes no intent requirement ..." *Id*. at 733. Section 802(44)'s definition of "felony drug offense" likewise does not require an intent element and "sweeps broadly enough to include even strict liability offenses." *United States v. Sandle*, 123 F.3d 809, 812 (5th Cir. 1997). The definition of felony drug offense in § 802(44) simply requires "conduct ***relating*** to narcotic drugs." 21 U.S.C.§ 804(44) (emphasis added). Facilitation of the-sale-of-cocaine without question is "conduct relating to controlled substances, and was properly used to enhance petitioner's sentence." This claim is without merit.

**IV.     Conclusion**

For the reasons set forth above, the Court holds that neither petitioner's conviction nor his sentencing was in violation of the Constitution or laws of the United States and he is not entitled to an evidentiary hearing. His motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 53], is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists

could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE