| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-00075-1-JRG |
| | ) | |
| WILLIAM BIRCH GUDGER | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Corrected Motion for Resentencing Pursuant to Amendments 782 and 788 of the Sentencing Guidelines [Doc. 97], the United States' Response in Opposition [Doc. 100], and Defendant's Amended Motion for Status Review [Doc. 110]. For the reasons herein, the Court will deny Defendant's motion.

## I.    BACKGROUND

In 2013, the United States charged Defendant William Birch Gudger in a multi-count indictment, which included a lead charge of conspiracy to distribute and possess with the intent to distribute at least 280 grams of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. [Indictment, Doc. 3, at 1]. Mr. Gudger entered into a plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C), pleading guilty to the lesser included offense of conspiring to distribute and possess with the intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.

In the Rule 11(c)(1)(C) agreement, the factual basis states that Mr. Gudger conspired to distribute at least 196 but less than 280 grams of crack cocaine. [Plea Agreement, Doc. 22, at 2]. The parties agreed that the appropriate term of imprisonment was 125 months. [*Id.* at 6]. Because

Mr. Gudger had a prior felony drug conviction, he was subject to a mandatory minimum sentence of 120 months. [*Id.* at 1].

After receiving the plea agreement, the Court held a change-of-plea hearing, [Minute Entry, Doc. 26], at which it accepted Mr. Gudger's guilty plea but expressed concern "because it appeared at that time that the agreement provided for a sentence that was about eighty-five months below what appeared at that point to be the applicable guideline range," [Hr'g Tr., Doc. 91, at 38:6–9]. The Court reserved ruling on whether it would accept the plea agreement until it had the opportunity to review a presentence investigation report. Leading up to Mr. Gudger's sentencing hearing, the United States Probation Office filed a presentence investigation report, in which it applied several enhancements to Mr. Gudger's base offense level of 30. [PSR at 8 (on file with the Court)].

The probation officer applied a two-level enhancement under USSG § 2D1.1(b)(12), for maintaining a premises for the purpose of manufacturing or distributing a controlled substance; a two-level enhancement under USSG § 3B1.1(c), for assuming a leadership role in the offense; and a two-level enhancement under USSG § 3C1.1, for obstructing justice. [*Id.*]. Also, in calculating Mr. Gudger's criminal history category, the probation officer added several criminal history points, including one point under USSG § 4A1.1(c), for the violation of a state-court order of protection. [*Id.* at 13]. After reducing Mr. Gudger's base offense level by three levels for acceptance of responsibility, the probation officer calculated a total offense level of 33 with a criminal history category of V, which resulted in an advisory guidelines range of 210 months to 262 months. [*Id.* at 9, 17].

Mr. Gudger, however, objected, informally, to the probation officer's application of the sentencing enhancements under USSG §§ 2D1.1(b)(12), 3B1.1(c), 3C1.1, and to the addition of

a criminal history point under USSG § 4A1.1(c). *See* [PSR Addendum, Doc. 47, at 1–2]. In response, the probation officer, in a written addendum to the presentence investigation report, disagreed with Mr. Gudger's objections to the enhancements under USSG §§ 2D1.1(b)(12), 3B1.1(c), and 3C1.1, but she agreed with his objection to the addition of a criminal history point under USSG § 4A1.1(c). [*Id.*]. So the probation officer recalculated Mr. Gudger's criminal history category, arriving at a category IV and an amended guidelines range of 188 months to 235 months. [*Id.* at 2].

At Mr. Gudger's sentencing hearing, the Court heard extensive argument about the applicability of the enhancements but decided to accept the parties' Rule 11(c)(1)(C) agreement and impose a sentence of 125 months. [J., Doc. 50, at 2]. Now, Mr. Gudger—having served the bulk of his 125-month sentence—moves the Court, through counsel, for resentencing under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by amendments 782 and 788 to the USSG. The United States opposes Mr. Gudger's motion. The Court has carefully reviewed the parties' arguments and is now prepared to rule on Mr. Gudger's motion.

## II. Legal Standard

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exception in § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a prisoner will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements.

First, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting *id.*). For most drug offenses—including a conspiracy to distribute and possess with the intent to distribute crack cocaine—amendment 782 to the USSG has lowered the base offense level by two levels, and it is retroactively applicable. *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018); *United States v. Hall*, No. 3:10-CR-56-6, 2017 WL 1089494, at *1 (E.D. Tenn. Mar. 22, 2017); *see* USSG Suppl. App. C, Amdt. 782 (reducing "by two levels the offense levels assigned to the [drug] quantities in" the drug-quantity table in USSG § 2D1.1(c)). When a defendant and the United States enter into a Rule 11(c)(1)(C) plea agreement—which allows them to agree to a term of imprisonment but requires the Court's approval, Fed. R. Crim. P. 11(c)(1)(C), (c)(3)(A)—the defendant will still be eligible for a reduction so long as his original guidelines range "was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775.

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* USSG § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). In determining whether a reduction is consistent with USSG § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." 28 U.S.C. § 994(u); *see Dillon v. United States*, 560 U.S. 817, 826–27 (2010). In doing so, the Court identifies the amended guidelines range—that is, the

guidelines range that would have applied to the prisoner if amendment 782 had been in effect during sentencing—and it substitutes this guidelines range for the original guidelines range. *Dillon*, 560 U.S. at 827; USSG § 1B1.10(b)(1). A prisoner generally is not entitled to receive a reduction below the minimum of the amended guideline range. USSG § 1B1.10(b)(2)(A).

If a reduction is consistent with USSG § 1B1.10, the Court must then shift its attention to any applicable factors under 18 U.S.C. § 3553(a), as well as to public-safety factors, to determine—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing USSG. § 1B1.10 cmt. background)); *see also* USSG § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); USSG § 1B1.10 cmt. n.1(B)(ii)–(iii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III.   ANALYSIS

The parties disagree as to whether Mr. Gudger is eligible for a sentence reduction. More specifically, they cannot agree on the amended guidelines range that applies to Mr. Gudger under amendment 782. *See Dillon*, 560 U.S. at 827 ("[Section] 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant[.]'" (quoting USSG § 1B1.10(b)(1))). Mr. Gudger argues that the Court calculated his original guidelines range as 151 months to 188 months, which results in an amended guidelines range of 121 months to 151 months, and he argues for a reduced sentence of 121 months. [Def.'s

Mot. at 2, 5]. The United States, however, believes that the Court applied an original guidelines range of 188 months to 235 months, which results in an amended guidelines range of 151 months to 181 months. [United States' Resp. at 4 & 4 n.2, 5]. Mr. Gudger is not eligible for a reduction, the United States argues, because his 125-month sentence is below the minimum amended guidelines range—that is, below 151 months. [*Id.* at 5].

The parties' respective calculations differ because they dispute whether the Court applied the two-level enhancement under USSG § 2D1.1(b)(12). *See* [Def.'s Am. Mot. at 1 ("The debate between the parties centers on whether the 'maintaining a premises' or 'stash house' two level enhancement applied to the original guidelines for Mr. Gudger.")]. The United States contends that, "[g]iven the negotiated sentence," the Court "deemed it unnecessary" to rule on Mr. Gudger's objections to the enhancements. [United States' Resp. at 4 n.3]. But according to Mr. Gudger "the Court denied [the] two level [stash-house] enhancement," so his base offense level is now 29 and his amended guidelines range is 121 months to 151 months. [Def.'s Mot. at 2]. The United States agrees that "if this Court were to find that it had not applied the two-level stash-house enhancement when originally sentencing defendant, the total offense level would now be 29, and the corresponding guidelines range would be 121 to 151 months' imprisonment." [United States' Resp. at 5].

The record is clear that the Court declined to rule on any of Mr. Gudger's objections to the enhancements at issue. At the outset of the sentencing hearing, the Court explained to the parties that, in light of the Rule 11(c)(1)(C) agreement, it had no intention of ruling on Mr. Gudger's objections to the enhancements: "Counsel . . . I don't intend to formally decide these objections," because "[i]t appears to me what the parties did here in light of the very serious dispute about these enhancements was to arrive at a compromise [through the Rule 11(c)(1)(C)

agreement]." [Hr'g Tr. at 4:24–25; 46:15–18]. In other words, the parties' agreement to—and the Court's ultimate acceptance of—a 125-month sentence rendered Mr. Gudger's objections moot, whether the Court would have resolved them in Mr. Gudger's favor or not. *See United States v. Perez*, 464 F. App'x 467, 468 (6th Cir. 2012) ("When a district court accepts a Rule 11(c)(1)(C) plea agreement, 'it is bound by the bargain.'" (quotation omitted)); *Alcauter v. United States*, Civ. No. 2:17-cv-0028; Crim. No. 2:14-cr-200(3), 2017 WL 6451182, at *4 (S.D. Ohio Dec. 18, 2017) ("The issues [the petitioner] now raises with respect to the guidelines, downward departure and variances are irrelevant because he agreed in advance to his change of plea to a sentence of sixty-six months[.]").

The Court went on to direct the parties to address the objections during the sentencing hearing not so it could resolve them but so it could decide whether it should accept the Rule 11(c)(1)(C) agreement, in which the parties' proposed 125-month sentence fell well outside the amended advisory guidelines range of 188 months to 235 months. *See Hughes*, 138 S. Ct. at 1773 ("The court may not accept the agreement unless the court is satisfied that . . . the agreed sentence is outside the applicable guideline range for justifiable reasons" and "those reasons are set forth with specificity." (quoting USSG § 6B1.2(c))).

> I think I made it clear at the [plea] hearing that I thought these objections . . . had some relevance on the question of whether or not the Court should accept or reject the plea agreement.
>
> . . . .
>
> I expressed some concern about this plea agreement because it appeared at that time that the agreement provided for a sentence that was about eighty-five months below what appeared at that point to be the applicable guideline range in the case. We now know because of the additional filings that have occurred and because of the addendum to the presentence report that the actual guideline range calculated by the probation officer is actually less than what it appeared before. It's now calculated by the Probation Officer without reference to these things we've discussed here this morning at a range of a hundred and eighty-eight to two hundred and thirty-five months, still a sixty-three month difference between the agreed upon

sentence and the bottom of the guideline range, a significant difference. And, so, I wanted to hear further—receive further information and hear further argument on whether or not the Court should accept such a plea agreement.

My primary concern, Mr. Gudger, has been the difference between the agreed upon sentence and the bottom of the guideline range[.]

[Hr'g Tr. at 4:25; 5:1–7; 38:4–25; 39:1–2].

Now, in determining whether to accept the Rule 11(c)(1)(C) agreement, the Court considered both the guidelines range that it personally believed applied to Mr. Gudger—151 months to 188 months—as well as the probation officer's advisory guidelines range of 188 months to 235 months:

[C]ertain criminal history points that had been assessed were, in fact, incorrectly assessed. The resulting calculation results in a criminal history category of IV rather than V. And the Probation Officer's conclusion is that the guideline range which applies to the case is a hundred and eighty-eight to two hundred and thirty-five months.
. . . .

I think ultimately here, Mr. Gudger, were I called upon to do so, it is likely that the stash house—the so called stash house enhancement would not apply here, but the other two probably would technically, resulting in an advisory range of a hundred and fifty-one to a hundred and eighty-eight months in the case. Now, that's—we're still twenty-six months between your agreed upon sentence and the bottom of that guideline range if I applied it. And my concern about that was to sentence you outside the guideline range here would create a significant disparity.

. . . .

Mr. Gudger, I have considered the nature and circumstances of the offense. I have considered your history and characteristics. I've considered the advisory guideline range calculated by the Probation Officer here and the one that in my view likely applied in the case, as well as all the other factors that have been discussed here and in the pleadings filed in the case. And, as a result, I find that the Rule 11(c)(1)(C) Plea Agreement that you have entered into is reasonable and appropriate under the unique circumstances of this case.

[*Id.* at 4:16–23; 46:18–25; 47:1–5; 50:6–17]. But in contemplating the lower guidelines range of 151 months to 188 months, the Court did little more than highlight the fact that even *if* it were to

show its hand by ruling on Mr. Gudger's objections, a significant disparity still would have lingered between that range and the agreed-upon 125-month sentence. *See* [*id.* at 46:25; 47:1–2 ("[W]e're still twenty-six months between your agreed upon sentence and the bottom of that guideline range if I applied it.")].

In the end, the Court adopted the presentence investigation report without change, [Statement of Reasons at 1]—meaning that the Court also adopted the enhancements, which it did not rule on, as part of Mr. Gudger's offense-level computation.[1] And, importantly, neither of the parties contested the Court's adoption of the presentence report without change. *See* Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."); *United States v. Hoaks*, 747 F. App'x 737, 738 n.1 (10th Cir. 2018) ("[T]he proper way to object to a defective Statement of Reasons is to file a motion to correct the document." (citation omitted)); *cf. United States v. Carr*, 757 Fed. App'x 31, 34 (2d Cir. 2018) ("[The defendant] did not object to [the district judge's] statement of reasons for the above-Guidelines sentence, and so we review the district court's explanation for plain error." (citation omitted)); *United States v. Brinson-Scott*, 714 F.3d 616, 625 (D.C. Cir. 2013) ("Although we ordinarily review procedural challenges for abuse of discretion, we review [the defendant's] challenges for plain error because, even when given the opportunity, he failed to object to the sentencing court's statement of reasons." (citations omitted)).

The applicable guidelines range was therefore 188 months to 235 months,[2] and Mr. Gudger's base offense level, total offense level, and criminal history category were 30, 33, and

---

[1] Although the probation officer's calculation of the amended advisory guidelines range of 188 months to 235 months appeared in an addendum, it was nevertheless part of the presentence investigation report. *See In re Morning Song Bird Litig.*, 831 F.3d 765, 775 (6th Cir. 2016) (describing an addendum as "an integral part of the PSR"); *United States v. Swearingen*, 506 F. App'x 804, 808 (10th Cir. 2013) (recognizing that "each addendum is incorporated into and made a part of the presentence report").

[2] In the statement of reasons, the Court erroneously identified the guidelines range, before departures, as 210 months to 262 months. [Statement of Reasons at 1].

IV, respectively. These figures come from the 2012 Sentencing Guidelines, which, according to Mr. Gudger, the Court applied at sentencing. [Def.'s Mot. at 2]. Under the 2012 Sentencing Guidelines, a conspiracy to distribute at least 196 but less than 280 grams of crack cocaine yielded the base offense level of 30. USSG § 2D1.1(c)(5) (Nov. 2012). The addition of the three two-level enhancements under USSG §§ 2D1.1(b)(12), 3B1.1(c), and 3C1.1, minus the three-level reduction for acceptance of responsibility, resulted in the total offense level of 33.

Under the current guidelines—in which amendment 782 "reduces by two levels the offense levels assigned to the [drug] quantities in" USSG § 2D1.1(c), USSG Suppl. App. C, Amdt. 782—a conspiracy to distribute at least 196 but less than 280 grams of crack cocaine yields an amended base offense level of 28. USSG § 2D1.1(c)(6); *see Dillon*, 560 U.S. at 827 ("[Section] 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant[.]'" (quoting USSG § 1B1.10(b)(1))). When the Court adds six levels for the enhancements and subtracts three levels for acceptance of responsibility, it arrives at an amended total offense level of 31 and an amended guidelines range of 151 months to 188 months. Because Mr. Gudger's 125-month sentence is lower than 151 months, Mr. Gudger is not entitled to a reduction in his term of imprisonment under § 3582(c)(2). *See* USSG § 1B1.10(b)(2)(A) (providing that, with the exception of certain cases involving substantial assistance, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range").

## IV. CONCLUSION

Mr. Gudger fails to establish that he is eligible for a reduction under § 3582(c)(2). His Corrected Motion for Resentencing Pursuant to Amendments 782 and 788 of the Sentencing

Guidelines [Doc. 97] is therefore **DENIED**. All outstanding motions in the record are **DENIED as moot**.

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
